**Alton COLEMAN, Petitioner–Appellant,**

v.

**Ralph COYLE, Respondent–Appellee.**

**In re: Alton Coleman, Movant.**

**Nos. 02–3443, 02–3439.**

United States Court of Appeals, Sixth Circuit.

April 25, 2002.

*ORDER*

Petitioner Alton Coleman was convicted in an Ohio court in 1985, *inter alia,* of aggravated murder, and was sentenced to death. *State v. Coleman,* 37 Ohio St.3d 286, 525 N.E.2d 792 (Ohio 1988). His execution has been scheduled for Friday, April 26, 2002, at 10 a.m. EDT.

On April 22, 2002, Coleman filed a motion in the United States District Court for the Southern District of Ohio seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, alleging that relief was warranted because the district court erred in concluding that his claim of ineffective assistance of appellate counsel in his direct appeal in Ohio was procedurally defaulted. Specifically, Coleman alleges ineffectiveness of appellate counsel for failure to have challenged on direct appeal the trial prosecutor's use of peremptory challenges in a racially discriminatory manner, in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The district court entered an order on April 22, 2002, denying relief on two grounds: first, that Coleman's Rule 60(b) motion was in fact an unauthorized second habeas petition over which the district court had no jurisdiction because 28 U.S.C. § 2244(b)(3)(A) requires that permission for such a petition must first be obtained from the court of appeal; and second, that even if Coleman's 60(b) motion were cognizable as such, it is without merit. *Coleman v. Coyle,* No. C–1–94–864 (S.D. Ohio April 22, 2002). The district court concluded:

> Petitioner's motion is meritless in any event. . . . Petitioner now argues that he was prejudiced by his appellate counsel's failure to raise issues related to jury selection and the race of the venire members challenged peremptorily by the State of Ohio. This is an argument he raised in support of his first petition before this Court. *This Court considered and rejected it.* Accordingly Petitioner cannot demonstrate that it is an appropriate basis for relief under Rule 60(b), even were his Rule 60(b) motion properly before this Court.

*Id.* at 4–5 (emphasis added).

On April 23, 2002, Coleman filed a notice of appeal and an attached motion for a stay of execution in this court. *Coleman v. Coyle,* No. 02–3443 (6th Cir. Apr. 23, 2002); *In re Alton Coleman,* No. 02–3439 (6th Cir. Apr. 23, 2002). Coleman's papers ask this court to consider the following two questions:

1. Whether the United States District Court for the Southern District of Ohio, in its order of April 22, 2002, erred in ruling that Coleman's Rule 60(b) motion for relief from judgment was a "second or successive habeas petition" within the meaning of 28 U.S.C. § 2244(b)?

2. Whether developments in Ohio procedural law, subsequent to the district court's denial of Coleman's habeas corpus petition in 1998, invalidate the district court's reliance on Ohio Appellate Rule 26(B) in finding that Coleman's claim of in-

**136**

effective assistance of appellate counsel was procedurally barred?

 We need not decide whether Coleman's Rule 60(b) motion is a prohibited second or successive habeas petition because we conclude that the claimed ineffective assistance of counsel, specifically the *Batson* claim, was raised, addressed, and rejected in the same district court's February 13, 1998 opinion and order denying Coleman's original petition for writ of habeas corpus. Moreover, in *Coleman v. Mitchell*, 244 F.3d 533 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 405, 151 L.Ed.2d 307 (2001), we reviewed the district court's denial of habeas relief on the ineffective assistance of appellate counsel claim and held that: "Even if Coleman could offer an appropriate excuse for failing to bring his ineffective assistance of counsel claim in a proper and timely manner, the claim is meritless." *Id.* at 540.

We are aware that the United States Supreme Court recently granted certiorari in *Abdur'Rahman v. Bell*, 226 F.3d 696 (6th Cir.2000), *cert. granted*, —— U.S. ——, 122 S.Ct. 1605, 152 L.Ed.2d 620 (2002), in which the Court agreed to consider whether *"every* Rule 60(b) motion constitutes a prohibited 'second or successive' habeas petition as a matter of law." Coleman urges that in light of *Abdur'Rahman*, this court should stay his execution until the Supreme Court acts. We do not agree, because we do not hold today that Coleman's 60(b) motion is necessarily a second petition for habeas relief. Rather, we hold that, for the reasons stated, Coleman's 60(b) motion must fail on the merits.

We **AFFIRM** the district court's order denying Coleman's motion for Rule 60(b) relief, and we **DENY** the motion for stay of execution. In light of the foregoing discussion and conclusions the petitioner is entitled to no relief in either of the actions presently before this court.